## S. B. RAGAN AND C. A. CAMPBELL *v.* THE STATE.

CRIMINAL LAW. *Liquors, sale of. Indictment. Place; essence of offense.*
>    Under the special act of February 1, 1888 (Laws 1888, p. 626), prohibiting
>    the sale of liquors " at or within three miles of Providence College," in
>    the county of Lee, place is of the essence of the offense, and an indict-
>    ment which merely alleges a sale " at Nettleton, in violation of said act,"
>    is fatally defective and cannot be cured by proof that Nettleton is within
>    three miles of the said college.

FROM the circuit court of Monroe county.

HON. LOCK E. HOUSTON, Judge.

The appellants, Ragan and Campbell, were indicted for selling
malt liquors at the town of Nettleton, in Monroe county, in viola-
tion of a special statute, approved February 1, 1888, entitled " an
act to incorporate Providence College, in Lee county, and for other
purposes." This act makes it a misdemeanor to sell liquors within
three miles of said college. There is no allegation in the indictment
that Nettleton is within three miles of the college; but the agreed
statement of facts is, that the appellants did sell malt liquors in the
town of Nettleton, which is less than three miles distant from Provi-
dence College.

The court overruled defendants' motion to quash the indictment,
and upon the agreed facts instructed the jury to find the defendants
guilty.

Apart from the objection to the indictment, the defense on the
merits is placed on the fact that the charter of Nettleton, approved
after the enactment of the aforesaid statute incorporating the
college, made provision, under certain conditions, for the sale of
liquors within the town, and that defendants had complied with
these conditions and obtained license to sell. Although the argu-
ment of counsel is addressed to this point, the opinion is limited to
a consideration of the face of the indictment and motion to quash.

*J. L. Finley,* for appellants.

*T. M. Miller,* attorney-general, for the state.

COOPER, J., delivered the opinion of the court.

The indictment is fatally defective, and should have been quashed upon the motion of the defendants. It charges no offense. Its averments are that the defendants on the 22d day of April, 1889, did, "unlawfully sell malt liquors at Nettleton, in violation of an act of the legislature, approved February 1st, 1888, entitled an act to incorporate Providence College, in Lee county, and for other purposes."

Looking to the act referred to, it appears that it is not thereby made unlawful to sell such liquors at Nettleton. The prohibition is against the sale of such liquors "at or within three miles of Providence College, situated in the county of Lee, and in the state of Mississippi." Place is made of the essence of the offense, and, being so, it is necessary to be alleged. Bishop on Crim. Pro. § 372, and authorities in note.

*Judgment reversed and indictment quashed.*